MICHAEL VENDETTO
*vs.*
LOURETO DISTURCO

Superior Court    New Haven County    File No. 57672

MEMORANDUM FILED MARCH 29, 1940.

*Israel J. Jacobs,* of New Haven, for the Plaintiff.

*William Dimenstein,* of New Haven, for the Defendant.

WYNNE, J. The defendant's own story establishes fault rather than exculpating him of blame. It is true that he was confused by plaintiff's conduct and that he acted in what he thought was a proper way to avert an accident. The plaintiff, however, was in no way negligent. He was walking on the extreme right of a broad highway, off the shoulder in fact. It was daylight and there was no congestion of traffic nor line of speeding cars. The defendant misinterpreted plaintiff's intention, and did the wrong thing. Turning first one way and then the other to avoid a pedestrian, who was simply plodding along the highway, presents a rather faltering excuse for running into him. The operation of a swiftly moving vehicle calls for something more than gambling on what "the other fellow" is going to do. If the unexpected happens, a driver can have no complaint when what he did and what he failed to do, is subjected to the minute test of what under the circumstances would have been due care. He could have stopped his car, or checked his speed, or sounded his horn. He did none of these things, if indeed the condition of his brakes (which is doubtful), made either of the first two alternatives possible.

Giving him credit for the very best of motives and conceding that he did what he thought seasonable and right, it is impos-

sible to escape the conclusion that it was defendant's negligence in the strictly legal sense, which alone caused the mishap.

Fortunately, the plaintiff's injuries were not as serious as at first indicated as probable. Certainly from the strictly cosmetic point of view, the scars could not properly be held to be disfiguring. Plaintiff's damage is fixed at $750, for which sum judgment is entered in his favor against the defendant.